Filed 10/9/14  In re S.S. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| In re S. S., a Person Coming Under the Juvenile Court Law. | C075545 |
| CALAVERAS WORKS AND HUMAN SERVICES AGENCY, | (Super. Ct. No. 13JD5402) |
| Plaintiff and Respondent, | |
| v. | |
| MICHAEL S., | |
| Defendant and Appellant. | |

Michael S., father of the minor, appeals from the denial of his petition for modification and from orders of the juvenile court terminating his parental rights.  (Welf. & Inst. Code,[1] §§ 366.26, 388.)  Father contends the Calaveras County Works and

---

[1]     Further undesignated statutory references are to this code.

1

Human Service Agency (Agency) failed to comply with the notice requirements of the Indian Child Welfare Act (ICWA). (25 U.S.C. § 1901 et seq.) Father also argues the juvenile court abused its discretion in denying his petition for modification. We agree with the first contention and reverse and remand for the ICWA notice compliance.

FACTS

In February 2013, the juvenile court detained 15-month-old S. S. due to mother's methamphetamine abuse and mental health issues and the ongoing domestic violence in the home. The Agency placed the minor with a relative. The juvenile court sustained the petition and ordered reunification services for the parents.

The six-month review report filed in August 2013 recommended termination of services. The report stated the parents continued to live together at the paternal grandmother's home and admitted to continued drug use. Neither parent had made any significant progress in services despite being referred to appropriate service providers. The parents visited only four times and did not ask to schedule any more visits. Unsurprisingly, there was no apparent bond between the parents and the minor. The report concluded the parents had failed to make even minimal progress in correcting the problems which led to removal. At the review hearing in September 2013, the court adopted the Agency's recommendation, terminated services for the parents and set a section 366.26 hearing to select a permanent plan for the minor.

The assessment for the section 366.26 hearing stated the minor was in a relative placement, which was also an adoptive home. The minor needed dental work but was otherwise a generally healthy child with no developmental delays. The assessment recommended termination of parental rights.

A week before the scheduled section 366.26 hearing, father filed a petition for modification seeking return of the minor to his care while he completed his case plan. Father alleged, as changed circumstances, that he had made substantial progress in the case plan, finishing parenting classes, inpatient substance abuse treatment and the

2

required fingerprinting. Father further alleged he had stable housing and had reenrolled in counseling. Several supporting documents were attached to the petition.

At the contested hearing in December 2013, a counselor from father's drug treatment and parenting program testified father entered the program in August 2013, had shown exceptional attendance, and had gone beyond expectations in the programs. Father benefited from the programs and tested clean while there. The counselor agreed that a nine-month aftercare program was needed and believed that father had entered one near his current residence. He acknowledged father had a serious drug problem but felt father would succeed if he continued applying what he had learned in the program.

Father testified about his participation in the Recovery House program and how he had benefited from it. He stated he was again visiting monthly, and had asked for increased visitation. Father testified he shared an apartment with an elderly man for whom he performed some caretaking services while father's mother, who was the primary caretaker, lived in an apartment downstairs. He had also enrolled in anger management classes. Father was looking for work and had filled out divorce papers. He had no explanation for his delay in starting services except his nine-year addiction to methamphetamine. Father testified he had quit using drugs before but resumed use after about a year. He previously did not have a relapse prevention plan and had not known his triggers. The aftercare program he was starting would provide him a support system.

Mother testified she and father had lived in his current housing before and she knew it was not stable housing. Mother said the paternal grandmother had furnished them drugs before father went into Recovery House.

The court congratulated father on his progress, but observed he had made no effort to engage in services until the six-month review. Moreover, much of his recovery and projected stability was still in the planning stage and his living arrangements were the same as when he was doing drugs. The court found there had been some change in circumstances but the minor had bonded to the current foster parents and breaking that

3

bond could be detrimental.  Father had only limited visitation with the minor and the court could not return the minor to parental custody.  Accordingly, the court denied father's petition for modification because the change was too little and too late.

Further facts appear where necessary in the following discussion.

DISCUSSION

I

*Compliance With ICWA*

At the outset of the case, mother reported no Indian heritage but father claimed Blackfoot ancestry.  The Agency sent notice to the Blackfeet tribe which contained information about each parent but nothing about grandparents or great-grandparents.  The tribe responded that, based on their records, the minor was not an Indian child.

Father argues the Agency failed to comply with the notice requirements of the ICWA by failing to include all known information in the notice which was sent.

The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for, and permitting tribal participation in, dependency actions.  (25 U.S.C. §§ 1901, 1902, 1903(1), 1911(c), 1912.)  The juvenile court and the Agency have an affirmative duty to inquire at the outset of the proceedings whether a child who is subject to the proceedings is, or may be, an Indian child.  (Cal. Rules of Court, rule 5.481(a).)  If, after the petition is filed, the court "knows or has reason to know that an Indian child is involved," notice of the pending proceeding and the right to intervene must be sent to the tribe.  (25 U.S.C. § 1912; § 224.2; Cal. Rules of Court, rule 5.481(b).)  Failure to comply with the notice provisions and determine whether the ICWA applies is prejudicial error.  (*In re Kahlen W.* (1991) 233 Cal.App.3d. 1414, 1424; *In re Desiree F*. (2000) 83 Cal.App.4th 460, 472.)

State statutes, federal regulations, and the federal guidelines on Indian child custody proceedings all specify the contents of the notice to be sent to the tribe in order to inform the tribe of the proceedings and assist the tribe in determining if the child is a

4

member or eligible for membership. (§ 224.2; 25 C.F.R. § 23.11(a), (d), (e); 44 Fed.Reg. 67588, No. 228, B.5, (Nov. 26, 1979).) If known, the agency should provide name and date of birth of the child; the tribe in which membership is claimed; the names, birthdates, and places of birth and death, current addresses and tribal enrollment numbers of the parents, grandparents and great-grandparents as this information will assist the tribe in making its determination of whether the child is eligible for membership and whether to intervene. (§ 224.2; 25 C.F.R. § 23.11(a), (d), (e); 44 Fed.Reg. 67588, No. 228, B.5 (Nov. 26, 1979); *In re D. T*. (2003) 113 Cal.App.4th 1449, 1454-1455.)

Here, the Agency knew of the immediate relatives of both parents and with minimal inquiry could have provided some information about the grandparents and possibly the great-grandparents of the minor. The additional information would have facilitated the tribe's search of its records when determining whether the minor was eligible for membership in the tribe. Reversal is required for the limited purpose of complying with the inquiry and notice requirements of the ICWA.

## II

### *Denial Of The Petition For Modification*

Father contends the juvenile court erred in denying his petition for modification because he demonstrated changed circumstances and, he asserts, the proposed change would be in the minor's best interests.

A parent may bring a petition for modification of any order of the juvenile court pursuant to section 388 based on new evidence or a showing of changed circumstances.[2]

---

[2]     Section 388, subdivision (a)(1) provides, in part: "Any parent . . . may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent child of the juvenile court . . . for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court." The court must set a hearing if "it appears that the best interests of the child . . . may be promoted by the proposed change of order . . . ." (§ 388, subd. (d).)

"The parent requesting the change of order has the burden of establishing that the change is justified. [Citation.] The standard of proof is preponderance of the evidence." (*In re Michael B.* (1992) 8 Cal.App.4th 1698, 1703.) Determination of a petition to modify is committed to the sound discretion of the juvenile court and, absent a showing of a clear abuse of discretion, the decision of the juvenile court must be upheld. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319; *In re Robert L.* (1993) 21 Cal.App.4th 1057, 1067.) The best interests of the child are of paramount consideration when the petition is brought after termination of reunification services. (*In re Stephanie M.*, at p. 317.) In assessing the best interests of the child, the juvenile court looks not to the parent's interests in reunification but to the needs of the child for permanence and stability. (*Ibid.*; *In re Marilyn H.* (1993) 5 Cal.4th 295, 309.)

Here, father established that he had made changes by participating in, and completing many of the elements of his case plan. He was currently engaging in further services and making plans for further changes in his lifestyle. However, he was new in his recovery from a substantial addiction history. Nonetheless, even assuming father's circumstances were changed, not merely changing, he cannot prevail.

Father had to demonstrate that the proposed modification of the court's order was in the minor's best interests. He was unable to do so. The court ordered supervised monthly visits at disposition. Father's visits during the first six months were erratic and showed no bond with the minor. Even after he began to participate in his case plan, he made no significant attempt to increase the frequency of visitation and move to observed or unsupervised visits. In contrast, the minor was in a loving stable placement and had bonded to her caregivers who were willing to offer her permanency. The petition was filed just before the section 366.26 hearing which was to determine the permanent plan for the minor. Under the circumstances of this case, return to a reunification mode would have destabilized the minor. Denial of the petition was the only alternative which furthered the minor's best interests in stability and permanence. There was no error.

6

DISPOSITION

The order denying the petition for modification is affirmed. The orders terminating parental rights are reversed and the matter is remanded for the limited purpose of requiring the Agency to comply with the inquiry and notice provisions of the ICWA and for the court to determine whether the ICWA applies in this case. If, after further inquiry and notice, the juvenile court determines that the tribe was properly noticed and there either was no response or the tribe determined that the minor is not an Indian child, the orders shall be reinstated. However, if, after proper notice, the tribe determines the minor is an Indian child as defined by the ICWA and the court determines the ICWA applies to this case, the juvenile court is ordered to conduct a new section 366.26 hearing in conformance with all provisions of the ICWA.


       ROBIE       , Acting P. J.


We concur:


     MURRAY     , J.


     DUARTE     , J.

7